SUE ELLEN WOOLDRIDGE
Assistant Attorney General

PAMELA S. TONGLAO, Attorney
United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington DC 200026-3986
Telephone: (202) 305-0897

MCGREGOR W. SCOTT
United States Attorney
EDMUND BRENNAN
Assistant United States Attorney
501 I Street, 10th floor
Sacramento, California 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff United States of America

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Action No. 2:05-CV-02205-LKK-PAN |
| Plaintiff, | STIPULATION AND ORDER TO ENTER CONSENT DECREE AND |
| v. | TO VACATE STATUS CONFERENCE |
| CALIFORNIA OLIVE RANCH, INC., | |
| Defendant. | |

   Plaintiff United States of America and Defendant California Olive Ranch hereby stipulate to the entry of the proposed consent decree that was lodged with this Court on November 2, 2005. The proposed consent decree would resolve all of the claims in this action. In support of this stipulation, the parties state as follows:

   1.   On November 2, 2005, the United States filed a complaint against California Olive Ranch in case number 2:05 CV 2205 LKK-PAN alleging, <u>inter alia</u>, that California Olive Ranch had violated sections 301(a) and 404 of the Clean Water Act, 33 U.S.C. § 1311(a) and 1344, by unlawfully discharging pollutants into waters of the United States in San Diego County, California.

   2.   When the United States lodged the proposed consent decree on November 2,

2005, the United States requested that the Court withhold consideration of the proposed consent decree while the United States provided an opportunity for public comment pursuant to Department of Justice regulations published at 28 C.F.R. §50.7.

3. On November 9, 2005, the Department of Justice published in the <u>Federal Register</u> a notice that the proposed consent decree had been lodged with the Court. <u>See</u> 70 Fed. Reg. 68,087 (Nov. 9, 2005). This notice invited public comment on the proposed consent decree and provided for a public comment period of 30 days.

4. The public comment period ended on December 9, 2005. The Department of Justice received no comments on the proposed consent decree.

5. The Court should approve a settlement and enter a proposed consent decree "if it is fair, reasonable, and equitable and does not violate the law or public policy." <u>Sierra Club v. Electronic Controls Design, Inc.</u>, 909 F.2d 1350, 1355 (9th Cir. 1990) (standard for judicial approval of consent decree in Clean Water Act citizen suit); <u>see</u> also <u>Earth Island Inst., Inc. v. Southern California Edison Co.</u>, 838 F. Supp. 458, 463 (S.D. Cal. 1993).

> As long as the consent decree comes "'within the general scope of the case made by the pleadings,'" furthers the "objectives upon which the law is based," and does not "violate the statute upon which the complaint was based," the parties' agreement may be entered by the court.

<u>Sierra Club</u>, 909 F.2d at 1355 (citations omitted). In reviewing a settlement, inquiry is directed not to whether the court itself would have reached a particular settlement, but whether the proposed settlement is a reasonable compromise and otherwise in the public interest. <u>United States v. Akzo Coatings, Inc.</u>, 949 F.2d 1409, 1435 (6th Cir. 1991). When the United States is a party to the consent decree, a court "should pay deference to the judgment of the government agency which has negotiated and submitted the proposed judgment." <u>SEC v. Randolph</u>, 736 F.2d 525, 529 (9th Cir. 1984); <u>see</u> also <u>United States v. Chevron U.S.A., Inc.</u>, 380 F.Supp. 2d 1104, 1111 (N.D. Cal. 2005).

6. The chief objective of the Clean Water Act ("CWA") is to "restore and maintain the chemical, physical and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a).

7. The proposed consent decree fulfills this objective by requiring California Olive

1  Ranch to certify the purchase of three (3) mitigation credits at the Dove Ridge Conservation
2  Bank and enjoining California Olive Ranch from discharging pollutants into any water of the
3  United States except in compliance with the CWA and its implementing regulations.  Consent
4  Decree ¶¶ 16, 17.

5      8.    The proposed consent decree also ensures that California Olive Ranch will pay a
6  civil penalty that is commensurate with its alleged violations of the CWA and consistent with the
7  equitable factors set forth in CWA section 309(d), 33 U.S.C. § 1319 (d).  Specifically, under the
8  proposed partial consent decree, California Olive Ranch shall pay a civil penalty to the United
9  States in the amount of $70,000.  Consent Decree ¶ 12.  This civil penalty shall be paid within 30
10 days after entry of this consent decree.  Id.

11     9.    In addition, the proposed consent decree provides a stipulated penalty of $500 per
12 day for the first 30 days of noncompliance with any term of the consent decree, $750 per day for
13 the next 30 days, and $1000 per day for any further days of noncompliance.  Consent Decree ¶
14 28.

15     10.    The parties believe that the proposed consent decree is fair, reasonable, consistent
16 with applicable law, and in the public interest.

17     WHEREFORE, the United States and California Olive Ranch hereby stipulate to the
18 entry of the proposed consent decree.  In addition, the parties stipulate to the vacatur of the status
19 conference set for January 17, 2006.

20     Respectfully submitted,

21 Dated: December 23, 2005    s/ Pamela S.Tonglao
    PAMELA S. TONGLAO
22     United States Department of Justice
    Environmental Defense Section
23     P.O. Box 23986
    Washington, D.C. 20026-3986
24     Tel:  (202) 305-0897
    Fax : (202) 514-8865
25
26     MCGREGOR W. SCOTT
    UNITED STATES ATTORNEY
27     Eastern District of California
    EDMUND BRENNAN
28     Assistant United States Attorney
    501 I Street, 10th floor

|   |   |
|---|---|
|   | Sacramento, CA 95814<br>(916) 554-2700<br>*Attorneys for Plaintiff United States* |
| Dated: December 23, 2005 |   s/ George T. Kammerer<br>GEORGE T. KAMMERER<br>Hefner, Stark & Marois, LLP<br>2150 River Plaza Drive, Suite 450<br>Sacramento, CA 95833-4136<br>Tel:   (916)<br>Fax:  (916)<br>*Attorneys for Defendant California Olive Ranch* |

**GOOD CAUSE APPEARING, IT IS SO ORDERED.**

| | |
|---|---|
| Dated: January 6, 2006 | /s/Lawrence K. Karlton<br>HON. LAWRENCE K. KARLTON<br>SENIOR JUDGE OF THE DISTRICT COURT |

**CERTIFICATE OF SERVICE**

I certify that on December 23, 2005, I caused a true and correct copy of the foregoing STIPULATION AND ORDER TO ENTER CONSENT DECREE AND TO VACATE STATUS CONFERENCE to be served by first-class mail to counsel named below:

George T. Kammerer
Hefner, Stark & Marois, LLP
2150 River Plaza Drive, Suite 450
Sacramento, CA 95833-4136

/s/ Pamela S. Tonglao
Pamela S. Tonglao