**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA OLIVE RANCH, INC.,<br><br>    Defendant. | Civil Action No. 2:05-CV-02205 LKK PAN<br><br>CONSENT DECREE |

WHEREAS, Plaintiff, the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), filed the Complaint herein against Defendant California Olive Ranch, Inc. ("Defendant"), alleging that Defendant violated Sections 301(a) and 309(b) of the Clean Water Act ("CWA"), 33 U.S.C. §§ 1311(a), 1319(b);

WHEREAS, the Complaint alleges that Defendant violated CWA Section 301(a) by discharging dredged or fill material and/or controlling and directing the discharge of dredged or fill material into waters of the United States at a ranch located at the intersection of Lone Tree Road and Central House Road in Butte County, California (the "Site") and more fully described in the Complaint, without authorization by the United States Department of the Army ("the Corps");

WHEREAS, the Complaint alleges that on September 9, 2002, EPA issued to Defendant an administrative order on consent in Docket No. CWA 404-09a-02a-001 ("AOC"), pursuant to section 309(a) of the CWA, 33 U.S.C. § 1319(a), which directs Defendant to take actions to mitigate impacts to waters of the United States at the Site;

WHEREAS, the Complaint seeks (1) to enjoin the discharge of pollutants into waters of the United States in violation of CWA Section 301(a), 33 U.S.C. § 1311(a); (2) to require Defendant, at its own expense, to mitigate the damages caused by its unlawful activities; and (3) to require Defendant to pay civil penalties as provided in 33 U.S.C. § 1319(d);

WHEREAS, this Consent Decree is intended to constitute a complete and final settlement of the United States' claims under the CWA set forth in the Complaint regarding the Site;

WHEREAS, Defendant's purchase of three (3) mitigation credits from the Dove Ridge Conservation Bank, as required by paragraph 17 of this Consent Decree, also satisfies Defendant's obligation to purchase mitigation credits as required by section 1.a of "Amendment to January 2003 Settlement Agreement between United States Fish and Wildlife Service and California Olive Ranch, Inc.," dated June 23, 2005;

WHEREAS, the United States and Defendant agree that settlement of this case is in the public interest and that entry of this Consent Decree is the most appropriate means of resolving the United States' claims under the CWA against Defendant in this case;

WHEREAS, Defendant admits no fault or liability of any type, arising under the Clean Water Act, Endangered Species Act, any other state or federal statute or regulation, common law or otherwise, whether civil or criminal, regarding any allegations, or findings asserted or implied by EPA or United States Fish and Wildlife Service, arising out of or related to any act, omission, transaction, practice or activity which may or may not have been performed by Defendant; and

WHEREAS, the Court finds that this Consent Decree is a reasonable and fair settlement of the United States' claims against Defendant in this case, and that this Consent Decree adequately protects the public interest in accordance with the CWA and all other applicable federal law.

THEREFORE, before the taking of any testimony upon the pleadings, without further adjudication of any issue of fact or law, and upon consent of the parties hereto by their authorized representatives, it is hereby ORDERED, ADJUDGED and DECREED as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of these actions and over the parties pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

2. Venue is proper in the Eastern District of California pursuant to CWA Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and (c), because Defendant conducts

business in this District, the subject property is located in this District, and the causes of action alleged herein arose in this District.

3. The Complaint states claims upon which relief can be granted pursuant to Sections 301, 309 and 404 of the CWA, 33 U.S.C. §§ 1311, 1319 and 1344.

## II. APPLICABILITY

4. The obligations of this Consent Decree shall apply to and be binding upon Defendant, its officers, directors, agents, employees and servants, and its successors and assigns and any person, firm, association or corporation who is, or will be, acting in concert or participation with the Defendant whether or not such person has notice of this Consent Decree. In any action to enforce this Consent Decree against Defendant, Defendant shall not raise as a defense the failure of any of its officers, directors, agents, employees, successors or assigns or any person, firm or corporation acting in concert or participation with Defendant, to take any actions necessary to comply with the provisions hereof.

## III. SCOPE OF CONSENT DECREE

5. This Consent Decree shall constitute a complete and final settlement of all civil claims for injunctive relief and civil penalties alleged in the Complaint against the Defendant under CWA Sections 301, 309 and 404 of the CWA, 33 U.S.C. §§ 1311, 1319 and 1344 concerning the Site.

6. It is the express purpose of the parties in entering this Consent Decree to further the objectives set forth in CWA Section 101, 33 U.S.C. § 1251. All obligations in this Consent Decree or resulting from the activities required by this Consent Decree shall have the objective of causing Defendant to achieve and maintain full compliance with, and to further the purposes of, the CWA.

7. This Consent Decree is not and shall not be interpreted to be a permit or modification of any existing permit issued pursuant to Sections 402 or 404 of the CWA, 33 U.S.C. §§ 1342 or 1344, or any other law. Nothing in this Consent Decree shall limit the ability of the United States Army Corps of Engineers to issue, modify, suspend, revoke or deny any individual permit or any nationwide or regional general permit, nor shall this Consent Decree

limit the EPA's ability to exercise its authority pursuant to Section 404(c) of the CWA, 33 U.S.C. § 1344(c).

8. This Consent Decree in no way affects or relieves Defendant of its responsibility to comply with any applicable federal, state, or local law, regulation or permit.

9. This Consent Decree in no way affects the rights of the United States as against any person not a party to this Consent Decree.

10. The United States reserves any and all legal and equitable remedies available to enforce the provisions of this Consent Decree and applicable law.

11. Nothing in this Consent Decree shall constitute an admission of fact or law by any party.

## IV.  SPECIFIC PROVISIONS
## CIVIL PENALTIES

12. Defendant shall pay a civil penalty to the United States in the amount of Seventy Thousand Dollars ($70,000.00), within 30 days of entry of this Consent Decree.

13. Defendant shall make the above-referenced payment by FedWire Electronic Funds Transfer ("EFT" or wire transfer) to the U.S. Department of Justice account in accordance with current electronic funds transfer procedures, referencing U.S.A.O. file number 2005Z00860, EPA Region 9 and the DOJ case number (DJ # 90-5-1-4-17457).  Payment shall be made in accordance with instructions provided to the Defendant by the Financial Litigation Unit of the United States Attorney's Office for the Eastern District of California.  Any payments received by the Department of Justice after 4:00 P.M. (Eastern Time) will be credited on the next business day.

14. Upon payment of the civil penalty required by this Consent Decree, Defendant shall provide written notice, at the addresses specified in Section X of this Consent Decree, that such payment was made in accordance with Paragraph 14.

15. Civil penalty payments pursuant to this Consent Decree (including stipulated penalty payments under Section VIII) are penalties within the meaning of Section 162(f) of the Internal Revenue Code, 26 U.S.C. § 162(f), or of 26 C.F.R. § 1.162-21 and are not tax deductible

expenditures for purposes of federal law.

## INJUNCTIVE RELIEF

16.   In order to mitigate the environmental harm resulting from Defendant's alleged violations of the CWA, within thirty (30) days of entry of this Consent Decree, Defendant shall certify to EPA and the Department of Justice that it has purchased three (3.0) mitigation credits at the Dove Ridge Conservation Bank ("Dove Ridge").  Such certification shall include a copy of written acknowledgment of Defendant's purchase of the mitigation credits from Loafer Creek LLC, which owns and operates Dove Ridge.

17.   Defendant and its agents, successors and assigns are enjoined from discharging any pollutant into waters of the United States in the future, unless such discharge complies with the provisions of the CWA and its implementing regulations.

## V.   RETENTION OF RECORDS AND RIGHT OF ENTRY

18.   Until one (1) year after entry of this Consent Decree, Defendant shall preserve and retain all records and documents now in its possession or control or which come into its possession or control that relate in any manner to the performance of the tasks in this Consent Decree, regardless of any corporate retention policy to the contrary.

19.   At the conclusion of the document retention period, Defendant shall notify the United States at least sixty (60) days prior to the destruction of any such records or documents, and, upon request by the United States, Defendant shall deliver any such records or documents to EPA.  The Defendant may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If the Defendant asserts such a privilege, the Defendant shall provide the United States with the following:  (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Defendant.  However, no documents, reports or other information created or generated pursuant to the

requirements of the Consent Decree shall be withheld on the grounds that they are privileged.

## VI.  DISPUTE RESOLUTION

20. Any dispute that arises with respect to the meaning or requirements of this Consent Decree shall be, in the first instance, the subject of informal negotiations between the United States and Defendant affected by the dispute to attempt to resolve such dispute. The period for informal negotiations shall not extend beyond thirty (30) days beginning with written notice by one party to the other affected party or parties that a dispute exists, unless agreed to in writing by those parties. If a dispute between the United States and Defendant cannot be resolved by informal negotiations, then the position advanced by the United States shall be considered binding unless, within fourteen (14) days after the end of the informal negotiations period, the Defendant files a motion with the Court seeking resolution of the dispute. The motion shall set forth the nature of the dispute and a proposal for its resolution. The United States shall have thirty (30) days to respond to the motion and propose an alternate resolution. In resolving any such dispute, the Defendant shall bear the burden of proving by a preponderance of the evidence that the United States' position is not in accordance with the objectives of this Consent Decree and the CWA, and that the Defendant's position will achieve compliance with the terms and conditions of this Consent Decree and the CWA.

21. If the United States believes that a dispute is not a good faith dispute, or that a delay would pose or increase a threat of harm to the public or the environment, it may move the Court for a resolution of the dispute prior to the expiration of the thirty (30) day period for informal negotiations. The Defendant shall have fourteen (14) days to respond to the motion and propose an alternate resolution. In resolving any such dispute, the Defendant shall bear the burden of proving by a preponderance of the evidence that the United States' position is not in accordance with the objectives of this Consent Decree, and that the Defendant's position will achieve compliance with the terms and conditions of this Consent Decree and the CWA.

22. The filing of a motion asking the Court to resolve a dispute shall not extend or postpone any obligation of Defendant under this Consent Decree, except as provided in Paragraph 39 below regarding payment of stipulated penalties.

## VII. FORCE MAJEURE

23. Defendant shall perform the actions required under this Decree within the time limits set forth or approved herein, unless the performance is prevented or delayed solely by events which constitute a Force Majeure event.  A Force Majeure event is defined as any event arising from causes beyond the control of Defendant, including its employees, agents, consultants and contractors, which could not be overcome by due diligence and which delays or prevents the performance of an action required by this Consent Decree within the specified time period.  A Force Majeure event does not include, inter alia, increased costs of performance, changed economic circumstances, changed labor relations, normal precipitation or climate events, changed circumstances arising out of the sale, lease or other transfer or conveyance of title or ownership or possession of a site, or failure to obtain federal, state or local permits.

24. If Defendant believes that a Force Majeure event has affected Defendant's ability to perform any action required under this Consent Decree, Defendant shall notify the United States in writing within fourteen (14) calendar days after the event at the addresses listed in Section IX.  Such notice shall include a discussion of the following:

    A.    what action has been affected;

    B.    the specific cause(s) of the delay;

    C.    the length or estimated duration of the delay; and

    D.    any measures taken or planned by the Defendant to prevent or minimize the delay and a schedule for the implementation of such measures.

Defendant may also provide to the United States any additional information that it deems appropriate to support its conclusion that a Force Majeure event has affected its ability to perform an action required under this Consent Decree.  Failure to provide timely and complete notification to the United States shall constitute a waiver of any claim of Force Majeure as to the event in question.

25. If the United States determines that the conditions constitute a Force Majeure event, then the deadline for the affected action shall be extended by the amount of time of the delay caused by the Force Majeure event.  Defendant shall coordinate with EPA to determine

when to begin or resume the operations that had been affected by any Force Majeure event.

26. If the parties are unable to agree whether the conditions constitute a Force Majeure event, or whether the length of time for fulfilling the provision of the Consent Decree at issue should be extended, any party may seek a resolution of the dispute under the procedures in Section VII of this Consent Decree.

27. Defendant shall bear the burden of proving (1) that the noncompliance at issue was caused by circumstances entirely beyond the control of Defendant and any entity controlled by Defendant, including its contractors and consultants; (2) that Defendant or any entity controlled by Defendant could not have foreseen and prevented such noncompliance; and (3) the number of days of noncompliance that were caused by such circumstances.

## VIII.   STIPULATED PENALTIES

28. After entry of this Consent Decree, if Defendant fails to timely fulfill any requirement of the Consent Decree, Defendant shall pay a stipulated penalty to the United States for each violation of each requirement of this Consent Decree as follows:

| | | |
|---|---|---|
| A. | For Day 1 up to and including Day 30 of non-compliance | $500.00 per day |
| B. | For Day 31 up to and including 60 of non-compliance | $750.00 per day |
| C. | For Day 61 and beyond of non-compliance | $1,000.00 per day |

Any stipulated penalty accruing pursuant to this Consent Decree shall be payable upon demand and due not later than 30 days after Defendant's receipt of the United States' written demand.

29. The United States may, in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Consent Decree.

30. Any disputes concerning the amount of stipulated penalties, or the underlying violation that gives rise to the stipulated penalties, that cannot be resolved by the parties pursuant to the Dispute Resolution provisions in Section VI and/or the Force Majeure provisions in Section VII shall be resolved upon motion to this Court as provided in Paragraphs 29 and 30.

31. The filing of a motion requesting that the Court resolve a dispute shall stay

Defendant's obligation to pay any stipulated penalties with respect to the disputed matter pending resolution of the dispute. Notwithstanding the stay of payment, stipulated penalties shall continue to accrue from the first day of any failure or refusal to comply with any term or condition of this Consent Decree. In the event that Defendant does not prevail on the disputed issue, stipulated penalties shall be paid by Defendant as provided in this Section.

32. To the extent Defendant demonstrates to the Court that a delay or other non-compliance was due to a Force Majeure event (as defined in Paragraph 32 above) or otherwise prevails on the disputed issue, the Court shall excuse the stipulated penalties for that delay or non-compliance.

33. In the event that a stipulated penalty payment is applicable and not made on time, interest will be charged in accordance with the statutory judgment interest rate provided for in 28 U.S.C. § 1961. The interest shall be computed daily from the time the payment is due until the date the payment is made. The interest shall also be compounded annually.

34. Defendant shall make any payment of a stipulated penalty by FedWire Electronic Funds Transfer ("EFT" or wire transfer) to the U.S. Department of Justice account in accordance with current electronic funds transfer procedures, referencing U.S.A.O. file number 2005Z00860, EPA Region 9 and the DOJ case number (90-5-1-1-17457). Payment shall be made in accordance with instructions provided to the Defendant by the Financial Litigation Unit of the United States Attorney's Office for the Eastern District of California. Any payments received by the Department of Justice after 4:00 P.M. (Eastern Time) will be credited on the next business day. Further, upon payment of any stipulated penalties, Defendant shall provide written notice, at the addresses specified in Section IX of this Decree.

## IX. ADDRESSES

35. All notices and communications required under this Consent Decree shall be made to the parties through each of the following persons and addresses:

    A.    TO EPA:

        (1)    Gary Hess
                  Assistant Regional Counsel
                  United States Environmental Protection Agency

       Region IX
       75 Hawthorne St.
       San Francisco, CA 94105
       (415) 972-3906

  (2)  Paul Jones
       United States Environmental Protection Agency
       Region IX
       75 Hawthorne St.
       San Francisco, CA 94105
       (415) 972-3470

B.  TO THE UNITED STATES DEPARTMENT OF JUSTICE

    Pamela S. Tonglao, Attorney
    Environmental Defense Section
    Environment and Natural Resources Division
    U.S. Department of Justice
    P.O. Box 23986
    Washington, D.C. 20026-3986
    (202) 305-0897

C.  TO DEFENDANT CALIFORNIA OLIVE RANCH:

    George T. Kammerer, Attorney
    Hefner, Stark & Marois, LLP
    2150 River Plaza Dr., Suite 450
    Sacramento, CA 95833-4136
    (916) 925-6620

## X. COSTS OF SUIT

36. Each party to this Consent Decree shall bear its own costs and attorneys' fees in this action.  Should Defendant subsequently be determined by the Court to have violated the terms or conditions of this Consent Decree, Defendant shall be liable for any costs or attorneys' fees incurred by the United States in any action against Defendant for noncompliance with or enforcement of this Consent Decree.

## XI. PUBLIC COMMENT

37. The parties acknowledge that after the lodging and before the entry of this Consent Decree, final approval by the United States is subject to the requirements of 28 C.F.R. § 50.7, which provides for public notice and comment.  The United States reserves the right to withhold or withdraw its consent to the entry of this Consent Decree if the comments received disclose facts which lead the United States to conclude that the proposed judgment is

inappropriate, improper, or inadequate.  The  Defendant agrees not to withdraw from, oppose entry of, or to challenge any provision of this Consent Decree, unless the United States has notified the Defendant in writing that it no longer supports entry of the Consent Decree.

### XII. CONTINUING JURISDICTION OF THE COURT

38.	This Court shall retain jurisdiction over this action in order to enforce or modify the Consent Decree consistent with applicable law or to resolve all disputes arising hereunder as may be necessary or appropriate for construction or execution of this Consent Decree.  During the pendency of the Consent Decree, any party may apply to the Court for any relief necessary to construe and effectuate the Consent Decree.

### XIII. MODIFICATION

39.	Upon its entry by the Court, this Consent Decree shall have the force and effect of a final judgment.  Any modification of this Consent Decree shall be in writing, and shall not take effect unless signed by both the United States and the Defendant and approved by the Court.

### XIV. EFFECTIVE DATE AND EFFECT OF ENTRY

40.	The effective date of this Consent Decree shall be the date of its entry by the Court.

41.	Upon entry of this Consent Decree, the obligations set forth in paragraphs 6 and 7 of section IX of the EPA Administrative Order on Consent ("AOC") for the Site (Docket No. CWA 404-09a-02a-001) shall automatically terminate.  All obligations in the AOC pertaining to "Preservation Site #2" shall also automatically terminate.  The AOC is attached to this Consent Decree as Appendix A.  No other requirement of the AOC shall be affected by this Consent Decree.

### XV. TERMINATION

42.	Upon receipt of the civil penalty required by this Consent Decree (including any stipulated penalty payments under Section VIII) and receipt of acknowledgment from Loafer Creek LLC (under paragraph 18, above) of the purchase of 3.0 mitigation credits at Dove Ridge, the United States shall move the Court to dismiss the Complaint against Defendant.

43.	This Consent Decree may be terminated by either of the following:

   A.	Defendant and the United States may at any time make a joint motion to the

Court for termination of this Decree or any portion of it; or

      B.    Defendant may make a unilateral motion to the Court to terminate this Decree after each of the following has occurred:

         1.    Defendant has obtained and maintained compliance with all provisions of this Consent Decree and the CWA for twelve (12) consecutive months;

         2.    Defendant has paid all penalties and other monetary obligations hereunder and no penalties or other monetary obligations are outstanding or owed to the United States;

         3.    Defendant has certified compliance pursuant to subparagraphs 1 and 2 above to the Court and EPA; and

         4.    within forty-five (45) days of receiving such certification from the Defendant, EPA has not contested in writing that such compliance has been achieved.  If EPA disputes Defendant's full compliance, this Consent Decree shall remain in effect pending resolution of the dispute by the Parties or the Court.

IT IS SO ORDERED.

Dated and entered this 6th day of January, 2006.

         /s/Lawrence K. Karlton
         Lawrence K. Karlton
         Senior Judge
         United States District Court

ON BEHALF OF THE UNITED STATES:

KELLY A. JOHNSON
Acting Assistant Attorney General
Environment and Natural Resources Division


/signature on original                                             Dated:_____
PAMELA S. TONGLAO
United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Telephone: (202) 305-0897
Facsimile: (202) 514-8865

| | |
|---|---|
| /signature on original<br>MARK POLLINS<br>Director, Water Enforcement Division<br>U.S. Environmental Protection Agency<br>Office of Enforcement and Compliance Assurance<br>MC 2241A<br>Ariel Rios Building South<br>1200 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20460 | Dated: _____ |
| /signature on original<br>THOMAS J. CHARLTON<br>Attorney Advisor, Water Enforcement Division<br>Office of Enforcement and Compliance Assurance<br>MC 2243A<br>Ariel Rios Building South<br>1200 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20460 | Dated: _____ |

1
2
3
4   /signature on original                Dated:_____
    WAYNE NASTRI
5   Regional Administrator
    U.S. Environmental Protection Agency
6   Region IX
    75 Hawthorne Street
7   San Francisco, CA 94105
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FOR DEFENDANT CALIFORNIA OLIVE RANCH, INC.:

<u>/signature on original</u>                                              Dated:_____
PEDRO OLABARRIA


<u>/signature on original</u>                                              Dated:_____
GEORGE T. KAMMERER
Hefner, Stark & Marois LLP
2150 River Plaza Dr., Suite 450
Sacramento, CA 95833-4136